IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                      )<br>        Plaintiff                              )<br>                                                      )    No. 1:12-cr-10338-FDS-1<br>v.                                                 )<br>                                                      )<br>DAVID E. GORSKI,                       )<br>                                                      )<br>        Defendant.                         )<br>                                                      ) | |

### DEFENDANT DAVID GORSKI'S MOTION IN LIMINE
### TO EXCLUDE JOSEPH STEEN'S TAX RETURNS

Defendants David Gorski respectfully moves this Court to exclude all evidence relating to Joseph and Nancy Steen's tax returns as hearsay. The Steen tax information should also be excluded because they are not relevant to the issues at trial and would merely confuse the jury.

### BACKGROUND

Mr. Gorksi is the Vice President and minority owner of Legion Construction ("Legion"). The Indictment charges Mr. Gorski with wire fraud and conspiracy to defraud the United States by falsely certifying Legion as a Service-Disabled Veteran Owned Small Business ("SDVOSB") during the period of 2006 to 2011.

Joseph Steen was a founder and President of Legion and a Service-Disabled Veteran. He was the majority owner of the company from January 2006 to August 2007, and the eleven percent owner from August 2007 to March 2010. According to the government, Mr. Steen was merely a figurehead and was not the true owner of Legion. Mr. Steen was allegedly paid to lend his status as a Service-Disabled Veteran to the company, and was on the Legion payroll despite

making no financial investment and performing no work for the company. Mr. Steen passed away on November 19, 2010.

The government has indicated that it will offer the testimony of Mr. Steen's tax preparer, Dennis Cole, at trial. Mr. Cole is expected to testify about the contents the tax returns Mr. Steen jointly filed with his wife, Nancy, for 2006 through 2010.

Mr. Steen did not always report his income from Legion in the same way. Mr. Steen submitted a Schedule E with his 2006 tax return, reporting earnings from Legion as income from a partnership or S corporation. In subsequent years, however, Mr. Steen attached a W-2 from Legion and reported those earnings as wages.

## ARGUMENT

The Court should exclude Mr. Steen's personal tax returns as inadmissible hearsay. Even if they were not hearsay, the Court should exclude the returns because they are irrelevant to the issues at trial and they will needlessly confuse the jury.

### I. The Tax Returns are Inadmissible Hearsay

The tax returns should be excluded because they are hearsay under Federal Rule of Evidence 802. It is well established that tax returns are "generally considered inadmissible hearsay with the exception that the return may constitute an admission by the taxpayer." United States v. Chambers, at *10 (collecting cases); United States v. Harris, 942 F.2d 1125, 1129 n. 3 (7th Cir. 1991) ("[T]he [tax] returns appear on their face to be hearsay.").[1] Here, no exception to the hearsay rule applies. In particular, the returns were not made in furtherance of the alleged conspiracy pursuant to Rule 801(d)(2)(E).

---

[1] The Steen's returns are not admissions of a party opponent because Mr. Steen is not charged in this matter. Fed. R. Evid. 801(d)(2).

2

Hearsay is an out of court statement, including written assertions, offered for the truth of the matter asserted. Fed. R. Evid. 801(a) & (c). There is no doubt that the Steen's returns are out of court statements. See Harris, 942 F.2d at 1129 n.3 (noting that tax returns are out of court statements). Moreover, the government seeks to introduce them to prove the truth of the matter asserted – that is, that Mr. Steen was on the payroll at Legion but was not an owner of the company. Therefore, the returns are inadmissible under Rule 802 unless a hearsay exception applies.

The government may argue that the Steen's returns are not hearsay because they were made by a "coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). To rely on this exception, the government must establish by a preponderance of the evidence (1) that Mr. Steen and Mr. Gorski were coconspirators and (2) that Mr. Steen uttered his statements in furtherance of that conspiracy. See United States v. Piper, 298 F.3d 47, 51-52 (1st Cir. 2002). To establish that Mr. Steen and Mr. Gorski were coconspirators, the government must introduce extrinsic evidence "sufficient to delineate the conspiracy and corroborate the declarant's and the defendant's roles in it." Id. at 52.

The "in furtherance" requirement is a "real limitation" on the admissibility of the Steen's tax returns. Id. at 54. Whether the returns furthered the alleged conspiracy is a preliminary question for the Court. Id. The Court makes this determination using a preponderance of the evidence test, and the Court's determination "must be supported by some plausible basis in the record." Id. A statement furthers the conspiracy "as long as it tends to promote one or more of the objects of the conspiracy" or "advance[s] the goals of the conspiracy in some way." Id.

The Steen's tax returns do not further the conspiracy alleged in the indictment. If anything, the returns are "antithetic to the central object of the charged conspiracy." Id. at 55

(finding trial court erred in admitting statements that were not in furtherance of the alleged conspiracy); see also United States v. LiCausi, 167 F.3d 36, 50 (1st Cir. 1999) (noting that statements of coconspirator are admissible if they "tend[] to advance the objects of the conspiracy as opposed to thwarting its purpose").  The goal of the alleged conspiracy was to obtain government construction contracts on the false pretense that Legion was a SDVOSB.  Mr. Steen, a Service-Disabled Veteran, allegedly served as a nominal owner so that the company could claim SDVOSB status.  But the tax returns run directly counter to those goals.  The government seeks to admit the returns to show that Mr. Steen was not the owner of Legion – an allegation that, if true, would undermine the conspiracy.

The Steen tax returns are not in furtherance of the conspiracy for another reason; personal tax returns are not a component of SDVOSB certification.  The indictment alleges that Mr. Gorski self-certified Legion as a SDVOSB through two electronic systems:  the Online Representations and Certification Application ("ORCA") for the VA, the GSA, the Army, and the Navy; and VetBiz for the VA.  The government has put forth no evidence that the ORCA or VetBiz certification processes make use of the personal tax returns of the purported Service-Disabled Veteran owners.  Nor has the government shown that it routinely reviews personal tax returns to detect false SDVOSB certifications.  Because the alleged conspirators would not have expected that the Steen tax returns would be reviewed in conjunction with Legion's SDVOSB certifications, no statements in those returns were made to advance the aim of the conspiracy.

Because the Steen's tax returns are hearsay and no exception to the rule against hearsay applies, the Court should exclude them at trial.

**II. The Tax Returns are not Relevant and Would Merely Confuse the Jury**

Even if the Steen's tax returns were not inadmissible as hearsay, the Court should exclude them for two additional reasons. First, the tax returns are not relevant to the issues at trial. Second, the Court should exclude the Steen tax returns because they would merely confuse the jury.

The Steen tax returns are not relevant because they do not make any fact relating to the charged indictment "more or less probable." Fed. R. Evid. 401. Because the tax returns cut both ways in this case, it is not clear what they mean for either party or how they will help the jury in its deliberations.

The defense and the government do not agree on the import of the Steen tax returns, or on what conclusions, if any, can be drawn from them. The government, on the one hand, believes that the tax returns make it more probable that Mr. Steen was not an owner of Legion. After 2007, Mr. Steen reported his Legion earnings as wages, as an employee might do.

But the tax returns, taken as a whole, are equally consistent with the defense's argument that Mr. Steen was an owner of the company. He claimed his 2006 earnings from Legion as income from a partnership or S corporation, not as an employee who earned wages. And then in 2007, when he became a minority owner and Legion was converted from an S corp to a C corp., Mr. Steen was added to the payroll. The W-2 income also undermines the government's theory that Mr. Steen never performed any work for Legion. Unfortunately, because Mr. Steen has passed away he cannot explain to the jury his reasons for reporting his Legion earnings in two different ways. As it stands, the tax returns cut both ways, and therefore do not advance any of the issues at trial.

Even if the Steen tax returns were relevant, the Court should exclude them because their "probative value is substantially outweighed by a danger of . . . confusing the issues." Fed. R. Evid. 403.  Because the tax returns are consistent with both the government's and the defense's theory of the case, they are of limited probative value.  See Starrett v. Wadley, 876 F.2d 808, 823-34 (10th Cir. 1989) (affirming exclusion of evidence that "cut both ways" where risk of jury confusion outweighed slight impeachment value); Mintel Int'l Grp., Ltd. v. Neergheen, 636 F. Supp. 2d 677, 687-88 (N.D. Ill. 2009) (excluding evidence that "cut[] both ways" where "limited probative value" was substantially outweighed by "potentially distracting and prejudicial side issue").

There is also a substantial risk that the tax returns will confuse the jury because they interject complicated issues of tax law that do not clearly support either theory of the case.  If the returns are admitted, the jury will need to consider the difference between reporting income as wages and reporting it as profits from an S corporation.  The jury will also need to consider the implications of Mr. Steen's income reporting, including the circumstances under which it is appropriate for a business owner to report income as wages or as profits from an S corporation.  The risk of confusion substantially outweighs any limited probative value of the Steen tax returns, and should be excluded.

## CONCLUSION

For the reasons above, Defendant David Gorski respectfully requests that the Court exclude evidence relating to the Steen tax returns at trial.

Respectfully submitted,

/s/ Tracy A. Miner
Tracy A. Miner, BBO # 547137
DEMEO LLP
200 State Street
Boston, MA 02109
Tel:  (617) 263-2600
Fax:  (617) 263-2300
Email: tminer@demeollp.com

Eóin P. Beirne, BBO # 660885
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel:  (617) 542.6000
Email:  epbeirne@mintz.com

Dated: August 8, 2014

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF on counsel for the government on August 8, 2014.

/s/ Tracy A. Miner
Tracy A. Miner