UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) ) ) ) ) ) ) | No. 1:12-cr-10338-FDS-1 |
| v. |  |  |
| DAVID E. GORSKI, Defendant. |  |  |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR DISCLOSURE OF UNREDACTED INTERVIEW REPORTS

The United States of America, by and through counsel, respectfully moves this Court to deny the motion by the defendant, David Gorski, for disclosure of unredacted interview reports relating to Kamlesh Patel.  The motion should be denied for the following reasons:

As the defendant notes in his motion, the government has produced memoranda of three interviews with Patel, redacting those portions the government indicated were not relevant.  At this time, the government has exceeded its disclosure obligations, no further disclosure is required, and the government will comply with all upcoming disclosure deadlines.

The Jencks Act, 18 U.S.C. §3500, obliges the government, once a witness has testified on direct examination, to provide, upon a defendant's timely request, any statement of that witness in the government's possession that relates to the

subject matter of the witness's testimony. See 18 U.S.C. § 3500(b)("After a witness called by the United States *has testified on direct examination*, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified")(emphasis added); *see also United States v. Colón–Díaz*, 521 F.3d 29, 38 (1st Cir. 2008); *United States v. Neal*, 36 F.3d 1190, 1197 (1st Cir. 1994). The statute defines "statement" to include an adopted writing of the witness or an exact recording of an oral pronouncement, as well as any contemporaneously-made recording or transcription which amounts to "a substantially verbatim recital of a [witness's] oral statement." 18 U.S.C. § 3500(e); *see United States v. Gonzalez–Melendez*, 570 F.3d 1, 4 (1st Cir. 2009) (per curiam). Here, well in advance of Patel's trial testimony, the government has produced the portions of the interviews relevant to the subject matter of his testimony, satisfying its Jencks Act obligations.[1]

To the extent that the redacted portions contain impeachment material whose disclosure is required by *Giglio v. United States*, 405 U.S. 150 (1972) and/or *Brady v. Maryland*, 373 U.S. 83, 83 (1963), the government will disclose such information at the required time. As the defendant acknowledges in his motion,

---

[1] Technically, the interview reports are not even Jencks for Patel, because they do not qualify as a "statement" made by Patel as that term has been defined in the Jencks Act and Fed. R. Crim. P. 26.2.

under this Court's Local Rules, the government must provide such impeachment material 21 days prior to trial. S*ee* L.R. 116.2(b)(2). The government will disclose all required information at the time required by the Local Rule.

## CONCLUSION

For the reasons above, the United States respectfully requests that the defendant's motion be denied.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By:  /s/ Jennifer Hay Zacks
    WILLIAM F. BLOOMER
    JENNIFER HAY ZACKS
    Assistant U.S. Attorneys
    (617) 748 3100

Date: August 28, 2014

## CERTIFICATE OF SERVICE

I hereby certify that, on August 28, 2014, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

/s/ Jennifer Hay Zacks
JENNIFER HAY ZACKS
Assistant United States Attorney
