UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID E. GORSKI | No. 1:12-CR-10338-FDS |

**LEGION CONSTRUCTION, INC.'S MOTION TO INTERVENE AND TO STAY THE COURT'S ORDER OF SEPTEMBER 4, 2014**

Now comes Legion Construction, Inc. ("Legion") and respectfully moves that this Honorable Court permit it to intervene in the above-captioned case and to be heard regarding execution of the Court's Order of September 4, 2014, which substantially affects Legion and its attorney-client privilege rights. Defendant David Gorski assents to this motion.

Legion is not a party in this case, but by virtue of the Court's Order of September 4, 2014 (Docket # 138), and without having had any opportunity to be heard on the matter, Legion is on the verge of losing protection for its attorney-client privileged communications. Legion has never been a party in this case. Counsel for Legion has never appeared in this case. Prior counsel for Legion, David Kerrigan, received a subpoena for documents from the government on July 21, 2014. Legion was made aware that on August 7, 2014, the Court had ordered the production of privileged materials to the Court for the Court to conduct an *in camera* review of those materials. Legion provided those privileged materials to the Court on August 18, 2014. Legion has now learned that on September 4, 2014, at a previously scheduled "status conference," the Court heard argument on whether the

crime-fraud exception invalidated Legion's privilege covering the documents produced by Legion and by its prior counsel at Mintz Levin. Legion was not given any notice of the status conference or that the status conference would in fact be a "hearing" with respect to the documents reviewed. Legion, the holder of the privilege, was not given the opportunity to appear to assert the privileges that belong to it or to participate in the argument. However, per the Court's Order issued on the afternoon of September 4, 2014, Legion will lose the protection of the privilege if its documents are turned over to the government.

Legion's interests here fit well within the principle that "[t]hird parties may intervene in a criminal trial to challenge the production of subpoenaed documents on the ground of privilege." *United States v. Bergzoni*, 216 F.R.D. 487, 492 (N.D. Cal. 2003). *See, e.g., United States v. Cuthbertson*, 651 F.2d 189, 193 (3d Cir. 1981)("We have also held that a third party may intervene in a criminal trial to challenge production of subpoenaed documents on the ground of privilege").

Legion respectfully asks the Court to stay the execution of its September 4, 2014, Order so that Legion's newly retained undersigned counsel may have an opportunity to review the documents provided to the Court, to review the Court's Order, and to be heard prior to the abrogation of Legion's attorney-client privilege by the Court.

        Respectfully submitted,
        Legion Construction, Inc.,
        By Its Attorney,

        **/s/ Martin G. Weinberg**
        Martin G. Weinberg, BBO #519480
        20 Park Plaza, Suite 1000
        Boston, MA 02116
        Tel:   (617) 227-3700
        Fax:  (617) 338-9538
        owlmgw@att.net

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was served by ECF on all counsel of record in this matter on September 8, 2014.

        **/s/ Martin G. Weinberg**
        Martin G. Weinberg