## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **No. 1:12-cr-10338-FDS-1** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DAVID E. GORSKI,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## GOVERNMENT'S MEMORANDUM REGARDING APPLICATION OF THE CRIME FRAUD EXCEPTION

The United States of America, by and through counsel, respectfully submits the following memorandum.

While, of course, the government is not to privy the ex parte proceedings being conducted by this Court, we submit this memorandum to stress a single point: given the nature and time frame of the conspiracy charged in the indictment, the application of the crime fraud exception cannot be limited to those documents pertaining only to the 2010 bid protest and Legion's corporate restructuring.

The indictment charges a conspiracy to defraud the United States, in violation of 18 U.S.C. §371, through the ongoing fraudulent representation of Legion as a SDVOSB for the purpose of qualifying for and obtaining government contracts. The time frame of this conspiracy extends "from in or about late 2005 until in or about November 2010."

Since the conspiracy was ongoing at the time Legion retained Mintz Levin, any documents relating to attempts to cover up the continuing fraud and to facilitate the future fraud are equally discoverable. *See, e.g., In re Grand Jury Proceedings (Gregory P. Violette)*, 183 F.3d 71, 74–76 (1st Cir. 1999)(The crime-fraud exception applies "(1) when the client *was engaged in* (or was planning) criminal or fraudulent activity when the attorney-client communications took place; and (2) that the communications were intended by the client to facilitate *or conceal the criminal or fraudulent activity*")(emphasis added); *In re Grand Jury*, 705 F.3d 133, 153 (3rd Cir. 2012) (the crime-fraud exception to the attorney-client privilege applies "[w]here there is a reasonable basis to suspect that the privilege holder *was committing* or intending to commit a crime or fraud and that the attorney-client communications or attorney work product were used in furtherance of the alleged crime or fraud")(emphasis added); *In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996) ("The protection afforded by the attorney-client privilege does not extend to any communication "in furtherance of intended, *or present, continuing illegality*")(emphasis added)(quoting *United States v. Hodge & Zweig*, 548 F.2d 1347, 1354 (9th Cir. 1977)).

While the government has not seen – and therefore cannot make representations about – any particular document that the Court may be evaluating, we note that, given the charges in the indictment, any documents relating to the

concealment of the ongoing fraud would be an integral part of perpetuating the charged conspiracy and, therefore, should be subject to disclosure under the crime fraud exception.

"A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law.  He must let the truth be told." *Clark v. United States*, 289 U.S. 1, 15 (1933); *see also United States v. Textron Inc.*, 577 F.3d 21, 31 (1st Cir. 2009).  When a client communicates with his attorney for the purpose of advancing a criminal or fraudulent enterprise, "the rationale that underpins the [attorney-client] privilege vanishes." *In re Grand Jury Proceedings*, 183 F.3d 71, 75 (1st Cir. 1999); *see also In re Grand Jury Proceedings*, 417 F.3d 18, 22 (1st Cir. 2005) (observing that crime-fraud exception to attorney-client privilege "withdraws  protection where the client sought or employed legal representation in order to commit or facilitate a crime of fraud").

Here, the court has made a specific and unequivocal finding that there is a reasonable basis to believe that Gorski used the services of Mintz Levin lawyers in order to foster or further the fraud alleged in the indictment.   The government is unaware of any case law that stands for the proposition that - once a judicial finding is made that the crime fraud exception applies to an ongoing fraud - the privilege is only partially waived by the defendant.  In fact, the cases cited above and the rationale underpinning the crime fraud exception itself clearly cut against

270968126b139473

such a conclusion.    Any statements made to counsel related to the continuous

course of criminal conduct for which Gorski sought legal advice and assistance in

order to continue defrauding the United States and its agencies or to conceal his

efforts to do so are not (and should not be) protected by the attorney-client

privilege.[1]

Likewise, the government notes, the work product protection does not

extend to areas subject to the crime-fraud exception.  *See, e.g., Craig v. A.H.*

*Robbins Co.*, 790 F.2d 1, 4 (1st Cir. 1986) (refusing to shield from disclosure

"work product" of attorneys in case involving "a pervasive picture of covering up a

defective product and continuing to merchandise it by misrepresenting its efficacy

and its safety."); *see also In re John Doe Corp.*, 675 F.2d 482, 492 (2nd Cir. 1982).

Thus, the defense's assertion in previously-filed pleadings that attorney/attorney or

attorney/support staff communications should be exempt from disclosure to the

court or the government is at best misplaced.  The court should order production of

these documents as well.

## CONCLUSION

For the reasons above, the United States respectfully requests that the Court

---

[1]There is another troubling offshoot to limiting the disclosure of documents to the
government that are responsive to the Rule 17(c) subpoena.  Should Gorski or Peter Ianuzzi
testify at trial that a good faith effort was made to ensure Legion was in compliance with federal
regulations at all relevant times, attorney-client communications contradicting this potentially
perjurious testimony will remain shielded from view despite a finding by the court that the
defendant employed the services of lawyers at Mintz Levin to facilitate the fraud.

order Mintz Levin and Legion Construction, Inc., to produce in their entirety all documents or other information responsive to the Rule 17(c) subpoenas and covered by the Court's order dated September 4, 2014 (Docket No. 138).

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By:   /s/ Jennifer Hay Zacks
      WILLIAM F. BLOOMER
      JENNIFER HAY ZACKS
      Assistant U.S. Attorneys
      (617) 748 3100

Date: September 10, 2014

## CERTIFICATE OF SERVICE

I hereby certify that, on September 10, 2014, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

/s/ Jennifer Hay Zacks
JENNIFER HAY ZACKS
Assistant United States Attorney